Daniel Tan, Esq. (SBN 275413)
dan@dantanlaw.com
Dan Tan Law
305 Broadway, Suite 750
New York, NY 10007
T: (646) 580-0080
Attorney for Defendant Rise Huge Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MA KA LAM,<br><br>        Plaintiff,<br><br>    v.<br><br>RISE HUGE CORPORATION LTD. and<br>TWIST BIOSCIENCE CORP,<br><br>        Defendants. | CASE NO. 3:22-cv-06094-TLT<br><br>**MOTION TO DISMISS AND FOR STAY OF PROCEEDINGS AND MEMORANDUM IN SUPPORT**<br><br>DATE: APRIL 25, 2023<br>TIME: 2.00 PM<br>COURTROOM 9, 19TH FLOOR<br>JUDGE: HON TRINA L. THOMPSON |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................. ii

NOTICE OF MOTION ………………………………………………………………………...1

I.      ISSUES TO BE DECIDED........................................................................................2

II.     INTRODUCTION .....................................................................................................2

III.    BACKGROUND AND STATEMENT OF FACTS ....................................................3

IV.     ARGUMENT ............................................................................................................5

        A.    Ma's Complaint should be dismissed for lack of personal jurisdiction as Rise

              Huge never purposefully availed itself of California and at most concluded a

              separate agreement in China with a third party that resides in California on

              Ma's instruction.................................................................................................5

        B.    Ma's complaint should be dismissed for failure to state a cause of action

              upon which relief can be granted as it is premised on the erroneous

              assumption that the Partial Final Award on Jurisdiction somehow contains a

              ruling on the merits that Ma is the beneficial owner of the 2017 Twist

              Investment ........................................................................................................12

        C.    In the alternative, this case should be stayed pending the resolution of the

              proceedings before the Hong Kong Court to set aside the Partial Final Award

              on Jurisdiction..................................................................................................16

V.      CONCLUSION .......................................................................................................21

1

**TABLE OF AUTHORITIES**

2

3

**Cases**

4

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*,

5

223 F.3d 1082 (9th Cir. 2000) ...................................................................................7

6

*Burger King Corp. v. Rudzewicz*,

7

471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).............................................6, 10

8

*Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*,

9

156 F.3d 310 (2d Cir. 1998) ...............................................................16, 17, 18, 19, 20

10

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,

11

284 F.3d 1114 (9th Cir. 2002) ...................................................................................5

12

*Green Renewable Organic and Water Holdings, LLC v. Bloomfield Investments*, LLC,

13

No. 21-CV-07181-HSG, 2022 WL 6271915 (N.D. Cal. Sept. 22, 2022) ...................17

14

*Hanson v. Denckla*,

15

357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)........................................................5

16

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,

17

466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)........................................................5

18

*Lake v. Lake*,

19

817 F.2d 1416 (9th Cir. 1987) ...................................................................................6

20

*Lockyer v. Mirant Corp.*,

21

398 F.3d 1098 (9th Cir. 2005) ...................................................................................16

22

*Morrill v. Scott Fin. Corp.*,

23

873 F.3d 1136 (9th Cir. 2017) ...................................................................................9

24

*Myers v. Bennett L. Offs.*,

25

238 F.3d 1068 (9th Cir. 2001) ...................................................................................7

26

27

28

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) ..................................................................6

*S Co v B Co*,
HCCT 12/2013 and 16/2013 (24 July 2014) ..................................................18

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ..................................................................6

*Walden v. Fiore,*
571 U.S. 277 (2014) ..................................................................7

**Statutes**

Section 34, Hong Kong Arbitration Ordinance (Chapter 609 of the Laws of Hong Kong)..........18

**Other Authorities**

Article 16,  UNCITRAL Model Law on International Commercial Arbitration .........................18

**Federal Rules**

**Rule 12(b)(2)**..................................................................1

**Rule 12(b)(6)**..................................................................1

**International Treaty**

Arts. IV(1), (V) and (VI), 9 U.S.C. § 201. New York Convention, June 10, 1958, 21 U.S.T. 2517, 30 U.N.T.S. 3 ..................................................................5, 12, 16, 18, 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION TO DISMISS AND

## MOTION FOR STAY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT ON APRIL 25, 2023, AT 2.00 PM, AT COURTROOM 9, BEFORE HONORABLE JUDGE TRINA L. THOMPSON, Defendant Rise Huge Corporation Limited will move the Court pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, for a dismissal of this action for (1) lack of personal jurisdiction, (2) failure to state a claim upon which relief can be granted, and (3) in the alternative, a stay of these proceedings pending the resolution of a setting aside of the arbitration award before the Hong Kong Courts pursuant to this Court's inherent power to control its own docket. The Motion will be based on this Notice and Motion, the Memorandum of Law in support, and the Declaration of Mr. Chan Siu Mak, and the [Proposed] Order.**

## I.   ISSUES TO BE DECIDED

This Motion raises the following issues to be decided:

1. Whether this Court has personal jurisdiction over Defendant Rise Huge for either Plaintiff's claim for (i) confirmation of the Hong Kong "Partial Final Award on Jurisdiction" or (ii) declaratory relief sought in the Complaint.

2. Whether Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

3. In any event, whether this action should be stayed because of the pending action before the Hong Kong courts to set aside the Partial Final Award on Jurisdiction that Plaintiff seeks to confirm in this case.

## II.   INTRODUCTION

This is a case where Plaintiff Ma asks this Court to (1) confirm a June 8, 2022 "Partial Final Award on Jurisdiction" and to "specifically order that Plaintiff, not Defendant Rise Huge, is the true beneficial owner of the 2017 Twist Investment" and (2) to issue a declaratory judgment recognizing Plaintiff's ownership interest in the 2017 Twist Investment and directing Defendant Twist to re-issue those shares in Plaintiff's name." (Complaint, p.10.).

This Court has no basis to take personal jurisdiction over Rise Huge. Rise Huge is not present, nor does it have continuous or systematic contacts with the United States or California. Neither did a substantial part of the events giving rise to the claim occur in this district. Ma can only point to the fact that Defendant Twist resides in this district. This fact does not confer on this Court personal jurisdiction. Conversely, Rise Huge is a Hong Kong entity and Ma is a Chinese citizen residing in China, and the oral contract that Ma claims to be party to that Rise Huge has breached was negotiated, concluded and possibly amended in Hong Kong or China. Any trial of Ma's and Rise Huge's dispute over the supposed oral nominee agreement

concerning the 2017 Twist Investment must take place before the Hong Kong or Chinese courts, or possibly in an arbitration (pursuant to the terms of the Stock Purchase Agreement).

Leaving aside the issue of personal jurisdiction, Plaintiff Ma's complaint fails to state a cause of action upon which relief can be granted. Ma's complaint largely relies on the "Partial Final Award on Jurisdiction" that Ma erroneously assumes has somehow found on the merits that she is the owner of the 2017 Twist Investment. The Partial Final Award on Jurisdiction does not do this. As explained in further detail below, Ma's reliance on carefully selected paragraphs of the "Partial Final Award on Jurisdiction" is misleading and cannot be given the significance that Ma attributes to them in her Complaint. It is an award on jurisdiction on which the parties had stipulated that the Tribunal was only to deal with the beneficial ownership of the **2018** Twist Investment. This was acknowledged several times by the Tribunal in the Partial Final Award on Jurisdiction" and the Tribunal eventually only found that Ma "is the true principal and true party to the Second Amended LPA", and dismissed all other claims. There is therefore no way that Ma can eke out a holding on the merits from the Partial Final Award on Jurisdiction that she is the beneficial owner of the **2017** Twist Investment. Ma's complaint consequently fails to state the basis on which she is entitled to the relief she seeks.

Finally, Rise Huge has moved to set aside the "Partial Final Award on Jurisdiction" before the Hong Kong Courts and this Court should stay these proceedings pending the outcome of the Hong Kong setting aside proceedings.

## III.   BACKGROUND AND STATEMENT OF FACTS

This Complaint arises of out certain arrangements that Rise Huge entered into with Plaintiff Ma's parents. While the terms of those arrangements, and subsequently-agreed arrangements are disputed, it is undisputed that those arrangements led to the investment in Defendant Twist Bioscience Corp. ("Twist"). As between Ma and Rise Huge, Ma claims in her

Complaint that she is the beneficial owner of a 2017 Investment in Twist. Ma intervened in a Hong Kong arbitration proceeding between Rise Huge and other parties. While the parties in that arbitration stipulated that the Tribunal was to decide issues relating to the **2018** Twist Investment, and ruled only that Ma was the "is the true principal and true party to the Second Amended LPA", dismissing all other claims, in its "Partial Final Award on Jurisdiction", Ma somehow tells this Court that the award on jurisdiction somehow ruled on the merits that she was the beneficial owner of the **2017** Twist Investment. The "Partial Final Award on Jurisdiction" does no such thing.

Furthermore, while Ma is a Chinese citizen residing in China, and Rise Huge is a Hong Kong company, Ma somehow claims that this Court has personal jurisdiction over Rise Huge, even though she can only point to the fact that Rise Huge executed a Stock Purchase Agreement with Twist in California. This is not only untrue, since the Stock Purchase Agreement was executed by Rise Huge in China, but the Stock Purchase Agreement Rise Huge concluded was not with Ma but with a third party and concluded only on Ma's instruction. This fact is not sufficient for this Court to take personal jurisdiction over Rise Huge who at all times negotiated, concluded, and amended agreements involving Ma in China. Ma also studiously avoids exhibiting the one agreement she says gives this Court personal jurisdiction over Rise Huge because that agreement contains an arbitration provision requiring parties to arbitrate "[a]ll disputes, claims, or controversies arising out of or relating to" that agreement, and so any dispute related to that agreement would not be resolved in this Court anyway.

There is also an ongoing proceeding before the Hong Kong Courts to set aside the "Partial Final Award on Jurisdiction".

1

## IV.   ARGUMENT

2

**A.    Ma's Complaint should be dismissed for lack of personal jurisdiction as Rise Huge**

3

**never purposefully availed itself of California and at most concluded a separate**

4

**agreement in China with a third party that resides in California on Ma's**

5

**instruction.**

6

7      Plaintiff Ma has filed a complaint that seeks to (1) confirm a Hong Kong "Partial Final

8   Award on Jurisdiction", and (2) for Declaratory relief. In order to adjudicate on either of these

9   claims, this Court must first find that it has personal jurisdiction over Defendant Rise Huge.

10      Personal jurisdiction is required to confirm a foreign arbitral award under the New York

11   Convention. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114,

12   1122 (9th Cir. 2002) ("we hold that in suits to confirm a foreign arbitral award under the

13   Convention, due process requires that the district court have jurisdiction over the defendant

14   against whom enforcement is sought or his property."); *Glencore Grain Rotterdam B.V. v.*

15   *Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1122 (9th Cir. 2002) (in a suit for enforcement

16   "[s]ome basis must be shown, whether arising from the respondent's residence, his conduct, his

17   consent, the location of his property or otherwise, to justify his being subject to the court's

18   power").

19

20      There can be no argument that Rise Huge, who is a non-resident defendant that does not

21   have substantial, continuous, or systematic contacts with California could be subject to this

22   Court's general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

23   415 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

24

25      A court exercises specific jurisdiction where the cause of action arises out of or has a

26   substantial connection to the defendant's contacts with the forum. *Hanson v. Denckla*, 357 U.S.

27   235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). By requiring that "contacts proximately result

28

from actions by the defendant *himself* that create a 'substantial connection' with the forum State," the Constitution ensures that "a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Whether dealing with specific or general jurisdiction, the touchstone remains "purposeful availment." "The exact form of our jurisdictional inquiry depends on the nature of the claim at issue." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). For claims sounding in contract, courts "generally apply a 'purposeful availment' analysis and ask whether a defendant has 'purposefully avail[ed] [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. (quoting *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004).)

The Ninth Circuit has established a three-part test for analyzing whether a court can exercise specific jurisdiction. A court may not exercise specific jurisdiction unless all three prongs are satisfied.

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to

satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (citations omitted).

To determine whether a plaintiff has satisfied the second prong of the three-part specific jurisdiction test, courts in the Ninth Circuit employ a "but for" test to determine whether the plaintiff's injuries would have occurred but for the defendant's forum-related conduct. See *Myers v. Bennett L. Offs*., 238 F.3d 1068, 1075 (9th Cir. 2001) ("Plaintiffs must show that they would not have suffered an injury 'but for' [the defendant's] forum related conduct."); *Bancroft & Masters, Inc. v. Augusta Nat. Inc*., 223 F.3d 1082, 1088 (9th Cir. 2000) ("The second requirement for specific jurisdiction is that the contacts constituting purposeful availment must be the ones that give rise to the current suit. We measure this requirement in terms of "but for" causation.")

Under the second prong, the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore,* 571 U.S. 277, 290 (2014). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Id*. at 291. Moreover, the defendant's conduct must be "tethered to" the forum, not to the plaintiff. *Id*. at 290.

Applying the first prong of the test to the facts of this case, Rise Huge did not purposefully avail or direct itself at California. It is undisputed that Rise Huge and Ma are both foreign parties, the oral contract Rise Huge and Ma concluded that supposedly gave rise to a nominee arrangement over the 2017 Twist Investment, on Ma's case, was negotiated and concluded in China (similarly, as explained in the Declaration of Chan Siu Muk, the oral

nominee arrangement agreed between Mr. Chan Siu Muk and Madam Xu Dongjin was negotiated and concluded in China. (Chan Declaration at paras. 6 to 10.)).

Indeed, Ma knows this full well, and tries to argue as the only basis of personal jurisdiction that Rise Huge "executed Stock Purchase Agreement with Twist in this District." Even this factual premise is incorrect. As Mr. Chan states in his declaration, the Stock Purchase Agreement was executed by Rise Huge in China, and the stock certificate was then sent to Rise Huge's office in Hong Kong. (Chan Declaration at para. 9.)

While Ma tells this Court that it can take personal jurisdiction over Rise Huge because it concluded the Stock Purchase Agreement with Twist, she **does not attach a copy of that agreement to her Complaint**. (Stock Purchase Agreement, Exhibit A to Chan Declaration.) And for good reason, because the Stock Purchase Agreement contains an arbitration agreement with J.A.M.S./Endispute, Inc. named as the arbitration institution. (Stock Purchase Agreement, Clause 5.12.) The Stock Purchase Agreement states that "[a]ll disputes, claims, or controversies arising out of or relating to this Agreement, or any other agreement executed and delivered pursuant to this Agreement . . . shall be resolved solely and exclusively by binding arbitration to be conducted before J.A.M.S/Endispute Inc. . . .") If Ma claims that the Stock Purchase Agreement is the sole reason why this Court should take personal jurisdiction over Rise Huge, then she must also abide by the terms of that agreement that provide for disputes "arising out of or relating to this Agreement" to be resolved "solely and exclusively by binding arbitration". Put simply, if as Ma claims, the Stock Purchase Agreement is the only thing that gives this Court personal jurisdiction, the arbitration provision in that agreement means that the dispute could not be resolved in this Court anyway.

In any event, the Stock Purchase Agreement that Ma tries to invoke as the basis for taking personal jurisdiction over Rise Huge is not the agreement between Rise Huge and Ma.

Crucially, Ma is unable to point to any fact that involves Rise Huge and Ma herself that took place in California. The fact that Rise Huge may have executed an agreement with a third party is insufficient for this Court to take personal jurisdiction over Rise Huge. The crux of Ma's claim is an oral agreement between Ma and Rise Huge that was negotiated and concluded in China— the location of the investment was purely fortuitous. "[R]andom, fortuitous, or attenuated contacts are insufficient to create the requisite connection with the forum." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). On Ma's own case, Rise Huge never purposefully availed itself of California or directed its activities there, Rise Huge merely executed an agreement in China with Twist, the latter fortuitously residing in California, because Rise Huge was told to do so by Ma.

Ma's claims do not arise out of conduct directed at or related to California. In such a case, due process forbids the exercise of specific jurisdiction. Ma therefore fails to satisfy the first prong of the test for specific jurisdiction.

Applying the second prong "but for" test to assess whether Ma's claims "arise out of" Rise Huge's forum conduct: Ma must show that she would not have been injured "but for" Rise Huge's conduct in California. Ma will presumably claim that the injury was suffered as a result of breach of agreements between herself and Rise Huge. The fact that Rise Huge supposedly concluded a separate contract with a third party residing in California has nothing to do with Ma's claimed injury and was not the cause of that injury. That same injury—which Ma presumably will claim was suffered as a result of breach of agreements concluded in China— would be suffered regardless of where Rise Huge concluded contracts with third parties, or indeed where the underlying investment was located. Ma therefore fails to satisfy the second "but for" prong for specific jurisdiction.

In any event, even if Ma satisfies the first two prongs of the test, the exercise of

jurisdiction over Rise Huge in this case would not be reasonable. For jurisdiction to be reasonable, it must comport with fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The burden of demonstrating unreasonableness is on Rise Huge and requires the defendant to put on a "compelling case." *Id*. at 476–77, 105 S.Ct. 2174. The reasonableness determination requires the consideration of several specific factors:

> (1) the extent of the defendant's purposeful interjection into the forum state,
>
> (2) the burden on the defendant in defending in the forum,
>
> (3) the extent of the conflict with the sovereignty of the defendant's state,
>
> (4) the forum state's interest in adjudicating the dispute,
>
> (5) the most efficient judicial resolution of the controversy,
>
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and
>
> (7) the existence of an alternative forum. *Id*.

Taking these factors in turn:

> (1) The only thing Ma claims Rise Huge did in California is to conclude a Stock Purchase Agreement (with a Delaware governing law clause and an arbitration provision) with Defendant Twist who resides in this district. This is not the agreement that Ma claims she is party to and that Rise Huge has breached. On Ma's own case, she instructed Rise Huge to conclude the agreement with Twist and such an act cannot constitute purposeful interjection into California.
>
> (2) Rise Huge is a Hong Kong company and it would be unduly burdensome for Rise Huge to have to defend this case based on an attenuated connection, particularly when both Ma and Rise Huge have already instructed counsel to litigate some of their

disputes in arbitration in Hong Kong and in setting aside proceedings before the Hong Kong courts.

(3) This factor is not applicable and neutral.

(4) California has no interest in resolving a contractual dispute between a Chinese Plaintiff and a Hong Kong Defendant, which would take up valuable judicial resources. Once the dispute has been resolved on the merits, and if the dispute is resolved in the Chinese or Hong Kong courts (or in arbitration) in Ma's favor, she may return to the California Courts to enforce that judgment.

(5) Either the Hong Kong or Chinese courts would be far more efficient in resolving this dispute between Ma and Rise Huge. The agreement and the parties' relationship are all in China and Hong Kong and the parties, the evidence relating to their dealings, and all relevant witnesses all reside in China and Hong Kong.

(6) California would provide convenient and effective relief in terms of enforcing any relief against Twist, which resides in this district. At the same time, Plaintiff is a Chinese citizen residing in China, so a trial in China or Hong Kong would also be convenient and effective to Ma. This is a neutral factor.

(7) As Rise Huge is in Hong Kong and deals with Ma who is a Chinese citizen in China, their dispute may be resolved in the Hong Kong or Chinese courts. Ma has also shown herself capable of making claims in Hong Kong arbitration proceedings against Rise Huge and there are therefore multiple other fori where Ma's claims could be brought.

**B.**     **Ma's complaint should be dismissed for failure to state a cause of action upon which relief can be granted as it is premised on the erroneous assumption that the Partial Final Award on Jurisdiction somehow contains a ruling on the merits that Ma is the beneficial owner of the 2017 Twist Investment**

**i.**     **Ma does not fulfill the formal requirements for confirmation of a foreign arbitration award**

As a preliminary matter, Ma has not met the formal requirements for confirmation of a foreign arbitral award. Article IV(1) of the New York Convention provides that a party seeking recognition or enforcement of a Convention award "shall, at the time of the application, supply: (a) The duly authenticated original award or a duly certified copy thereof; [and] (b) The original agreement referred to in Article II or a duly certified copy thereof."

The arbitration award is neither an authenticated original nor a duly certified copy. Ma has also failed to provide the original or certified copy (or indeed any copy) of the arbitration agreement.

**ii.**     **Ma's complaint seeks relief over the 2017 Twist Investment that has no basis in the Partial Final Award on Jurisdiction, as it is not an award on the merits and the Tribunal only ruled that Ma was the true principal and true party to an agreement and dismissed all other claims, in answering a stipulated question that relates to the separate 2018 Twist Investment**

Ma's complaint confusingly combines both (1) a request to confirm the "Partial Final Award on Jurisdiction" and "specifically order that Plaintiff, not Defendant Rise Huge, is the true beneficial owner of the 2017 Twist Investment" and (2) a declaration "recognizing Plaintiff's ownership interest in the 2017 Twist Investment and directing Defendant Twist to re-issue those shares in Plaintiff's name."

The complaint is fundamentally misconceived because it wrongly assumes that the "Partial Final Award on Jurisdiction" somehow resulted in a ruling **on the merits** that Ma is the beneficial owner of the 2017 Twist Investment and accordingly fails to plead any cause of action that would entitle Ma to the requested reliefs.

First, as the name of the award suggests, the award is an award on jurisdiction. It is not an award on the merits.

Second, all the award declares, as is made clear in the dispositive on final page is:

**The Tribunal's Award**

On the basis of all the evidence before it, upon full and careful consideration of the issues raised by the Parties, and for the reasons set out above, the Tribunal:

(1) Declares that Ms. Ma Ka Lam, the Additional Parties in this Arbitration, and not Rise Huge, **is the true principal and true party to the Second Amended LPA**.

(2) **Dismisses all other claims, applications and requests** relating to the Preliminary Question Issue. . . .

All the Tribunal did was to declare that the Ma was the true principal and party to the Second Amended LPA for the purposes of jurisdiction. Even on its face, this is not a ruling that Ma is the beneficial owner of anything. The Tribunal also made clear that "all other claims, applications and requests" were dismissed. So even if this Court were to confirm the "Partial Final Award on Jurisdiction" it does not provide this Court a basis to grant Ma's request to "specifically order that Plaintiff, not Defendant Rise Huge, is the true beneficial owner of the 2017 Twist Investment" or for a declaration "recognizing Plaintiff's ownership interest in the 2017 Twist Investment and directing Defendant Twist to re-issue those shares in Plaintiff's name." The "Partial Final Award on Jurisdiction" on its face only says that Ma was the true principal and party to the Second Amended LPA. The Tribunal did not rule that Ma was the owner of the 2017

Twist Investment.

Third, the Hong Kong arbitration has nothing to do with the **2017** Twist Investment that Ma tries to get this Court to grant relief for. This is made clear in the "Partial Final Award on Jurisdiction" itself, which states that Preliminary Question that the Tribunal was to answer was limited by party stipulation to the **2018** Twist Investment (not the 2017 Twist Investment).

> During the course of the Arbitration, the Tribunal recorded the Parties' agreed stipulation that: *'For the purposes of its decision on the Preliminary Question, the Parties agree that whichever of [Rise Huge] or [Ms. Ma] is held by the Tribunal to be the beneficial owner of the **2018 Twist Investment** shall be the true principal and/or party to the Second Amended LPA'.*

Partial Final Award on Jurisdiction, para. 253. See also Award at paras 74 and 230 ("PO7 also recorded the **Parties' agreed stipulation for the purposes of the Tribunal's decision on the Preliminary Question Issue as regards beneficial ownership of the 2018 Twist Investment** . . . . This is particularly so in light of the Parties' stipulation, which limits the Tribunal's primary task in deciding the Preliminary Question Issue to **identifying the beneficial owner of the 2018 Twist Investment**.")

In fact, the Tribunal in the "Partial Final Award on Jurisdiction" made clear several times that its observations were limited only to the Preliminary Question (on the 2018 Twist Investment) and the application on jurisdiction before it. (**See Exhibit 1 (excerpts from Award of qualifiers.)**

Because the Complaint then fails to plead the cause of action that entitles Ma to an "order that Plaintiff, not Defendant Rise Huge, is the true beneficial owner of the 2017 Twist Investment" and a declaration "recognizing Plaintiff's ownership interest in the 2017 Twist Investment and directing Defendant Twist to re-issue those shares in Plaintiff's name" the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

To be clear, the observations made by the Tribunal on the 2017 Twist Investment cannot even be entitled to issue preclusion on the 2017 Twist Investment. First, the Tribunal made clear that "**all other claims, applications and requests** relating to the Preliminary Question Issue" were dismissed. Second, the findings were only made for the purposes of a jurisdictional award and a Preliminary Question that the parties agreed was limited to the **2018** Twist Investment. Third, the Tribunal qualified in several parts of the award that assumptions and findings were only for the purpose of the application before it. Fourth, Ma cites to paragraph 260 of the award and takes it out of context. The Tribunal in paragraph 260 stated:

> Another important element of the so-called Settlement-in-Kind is said by the Claimant to have been Madam Xu's alleged offer to transfer the beneficial interest in the 2017 Twist Investment to the Chen Brothers. Having considered the evidence on this issue, the Tribunal has concluded that the beneficial interest in the 2017 Twist Investment lay exclusively with Ms. Ma and not Madam Xu, who was therefore in no position to make any such offer.

All the Tribunal was saying in the paragraph above was that assessing the 2018 Twist Investment, there could not have been a settlement-in-kind because Madam Xu could not have made an offer to transfer the beneficial interest in the 2017 Twist Investment as that lay with Ma. But this was not a finding on the merits in a case involving the 2017 Twist Investment and was simply one part of the Tribunal's reasoning in dealing with the only issue before the Tribunal— which the parties agreed was the 2018 Twist Investment. There is simply no way to say that this is any sort of finding on the merits on the 2017 Twist Investment since the Tribunal had already acknowledged on several occasions that the parties had already agreed that the issue before the Tribunal was the 2018 Twist Investment, and arbitration is a creature of consent that limits the authority of the Tribunal to the issues that parties agree to submit to it.

**iii.     Ma has pleaded no facts to support the relief sought from this Court to direct Defendant Twist to re-issue shares in Plaintiff's name.**

The Complaint also is devoid of any basis why Defendant Twist should be directed to re-issue shares in Ma's name. Even assuming for the sake of argument that Ma is the beneficial owner of the 2017 Twist Investment (and as explained above, she is not and there is no finding on the merits that she is), there has to be some other basis on which to require shares to be transferred to the beneficial owner, but the Complaint gives no clue why such relief should be granted.

**C.     In the alternative, this case should be stayed pending the resolution of the proceedings before the Hong Kong Court to set aside the Partial Final Award on Jurisdiction**

Even if this Court concludes that it has personal jurisdiction over Defendant Rise Huge, it should stay these proceedings pending the resolution of the action to set aside the "Partial Final Award on Jurisdiction" before the Hong Kong courts. The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") governs the "recognition and enforcement" of foreign arbitral awards in United States courts. 9 U.S.C. § 201. New York Convention, June 10, 1958, 21 U.S.T. 2517, 30 U.N.T.S. 3. Article VI of the New York Convention states that if "an application for the setting aside or suspension of the award has been made to a competent authority" a court "may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security." *Id.*

As a general matter, a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket" in an effort to promote judicial economy. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

The Second Circuit has held that courts "must take into account the inherent tension between competing concerns" when deciding whether to grant a stay of confirmation under Article VI of the New York Convention. *Europcar Italia, S.p.A. v. Maiellano Tours, Inc*., 156 F.3d 310, 317 (2d Cir. 1998). On the one hand, staying these proceedings could impede the goal of arbitration, which is "the expeditious resolution of disputes and the avoidance of protracted and expensive litigation." *Id*. For this reason, a stay of confirmation "should not be lightly granted lest it encourage abusive tactics by the party that lost in arbitration." *Id*. On the other hand, "where a parallel proceeding is ongoing in the originating country and there is a possibility that the award will be set aside, a district court may be acting improvidently by enforcing the award prior to the completion of the foreign proceedings." *Id*.

These *Europcar* factors were recently applied by this Court in staying proceedings to confirm an arbitration award pending the resolution of setting aside proceedings before a foreign court. *Green Renewable Organic and Water Holdings, LLC v. Bloomfield Investments*, LLC, No. 21-CV-07181-HSG, 2022 WL 6271915, at *1 (N.D. Cal. Sept. 22, 2022) (granting stay).

The first *Europcar* factor encourages consideration of the "general objectives of arbitration —the expeditious resolution of disputes and the avoidance of protracted and expensive litigation." *Europcar*, 156 F.3d at 317. In this case, this factor weighs in favor of a stay. The arbitration from which this "Partial Final Award on Jurisdiction" was rendered is still ongoing. Moreover, as we explain below, the arbitration concerns the 2018 Twist Investment and not the 2017 Twist Investment. The "Partial Final Award on Jurisdiction" did not decide any issues on the merits, but only made findings in the course of resolving a jurisdictional issue. Put simply, the "Partial Final Award on Jurisdiction" did not resolve the issue of ownership of the 2017 Twist Investment on the merits, and the substantive arbitration is also concerned solely with the 2018 Twist Investment and will not resolve the issue of ownership of the 2017 Twist Investment, on the merits or otherwise. Ma in any event has to commence separate litigation against Rise Huge to resolve the issue of ownership of the 2017 Twist Investment, and therefore staying these proceedings would not delay the expeditious resolution of a dispute that has not

been resolved, nor would it avoid protracted litigation since the issue of the ownership of the 2017 Twist Investment has still to be litigated anyway.

*Europcar* next suggests that the district court consider "the status of the foreign proceedings and the estimated time for those proceedings to be resolved." *Id.* This factor weighs in favor of granting a stay. The Hong Kong setting aside proceedings will be heard on 2-3 May 2023, and we expect that a decision will be rendered by the Hong Kong court shortly in the months thereafter (the judge hearing the setting aside proceedings usually renders judgment within one to three months after the substantive hearing).

The third *Europcar* consideration is "whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review." *Europcar*, 156 F.3d at 317. The *Europcar* court explained that:

> The limited scope of review allowed under the Convention also favors deference to proceedings in the originating country that involve less deferential standards of review on the premise that, under these circumstances, a foreign court well-versed in its own law is better suited to determine the validity of the award."

*Id.* Here, the "Partial Final Award on Jurisdiction" will be subject to a less deferential standard of review in the Hong Kong proceedings than they would be in California under the review allowed by Article V of the New York Convention. Section 34 of the Hong Kong Arbitration Ordinance (Chapter 609 of the Laws of Hong Kong), adopting Article 16 of the UNCITRAL Model Law on International Commercial Arbitration, provides that where an arbitral tribunal rules as a preliminary question that it has jurisdiction, any party may request the Hong Kong Court of First Instance to decide the matter. In the Hong Kong Court of First Instance decision of *S Co v B Co*, HCCT 12/2013 and 16/2013 (24 July 2014) (**Exhibit 2 S Co v B Co case**) at paragraphs 35 and 36, Madam Justice Mimmie Chan explained the power of the Hong Kong court to review and the standard of the court's review for jurisdictional challenges as follows:

> "When the jurisdiction of the tribunal is challenged, the issue in dispute is whether there was initial consent to the submission of the dispute to arbitration and to the tribunal's determination. Since Article 16 provides for the court to decide the matter of the

tribunal's jurisdiction, the court must independently determine for itself whether or not the parties had consented to the submission of the dispute to the tribunal, and should not be bound or restricted by the tribunal's preliminary decision on its own jurisdiction. The court should not be in a worse position than the arbitrator in its determination of the challenge. Natural justice also requires such independent review, as otherwise the tribunal would be the final judge of its own powers and cause.

…Article 16 empowers the arbitral tribunal to rule on the challenge to its jurisdiction either as a preliminary question, or in its award on the merits. The tribunal should not be able to avoid an independent, de novo review by the court of its ruling on jurisdiction, simply by deferring such ruling to the making of the award on the merits. The standard of the court's scrutiny should be the same, when it is recognized that a party which objects to the jurisdiction of the tribunal has the option, either to challenge jurisdiction in the courts of the arbitral seat, or to resist enforcement in the court before which the award is brought for recognition and enforcement..."

In short, the Hong Kong court in the Hong Kong setting aside proceedings will hear the issues determined by the arbitral tribunal in the "Partial Final Award on Jurisdiction" *de novo*. The Hong Kong court will be conducting a full re-hearing to independently determine the issues contained in the "Partial Final Award on Jurisdiction" and is not bound or restricted by the arbitral tribunal's preliminary decision in the "Partial Final Award on Jurisdiction". The above standard means that the Hong Kong proceedings would also result in a more stringent review of the "Partial Final Award on Jurisdiction" than the review than this Court can undertake under Article V of the New York Convention. This factor weighs heavily in favor of granting a stay.

The fourth *Europcar* factor urges courts to consider "the characteristics of the foreign proceedings." *Europcar*, 156 F.3d at 318. Within 30 days from the date of the "Partial Final Award on Jurisdiction" (as is required under Hong Kong law), on 8 July 2022, Rise Huge applied to the Hong Kong Court of First Instance to set aside the award and for the Hong Kong court to decide the matter *de novo*. At the same time of filing the Hong Kong setting aside application, Rise Huge further sought an interim injunction from the Hong Kong court against, *inter alia*, the Plaintiff to prevent her from taking any steps in giving effect to or in reliance of the "Partial Final Award on Jurisdiction". The Hong Kong court did grant Rise Huge an interim injunction against the Plaintiff on 15 July 2022, albeit in a more limited scope than as originally requested by Rise Huge. This order is in the form of a sealed order and Rise Huge will file the Hong Kong order if Ma disputes that such an order was made. As explained above, the

Hong Kong court will be hearing Rise Huge's application to set aside the "Partial Final Award on Jurisdiction" shortly on 2-3 May 2023. As that hearing concerns the substantive determination of the setting aside application, the hearing date cannot be changed barring very special circumstances (such as the illness of the judge or counsel of the parties). The parties are currently in the process of filing affidavit evidence to support their respective cases, and further preparations for the hearing are also on foot. Crucially, the set aside proceeding in the Hong Kong Courts was filed several months before Ma decided to file her Complaint in this Court. This factor weighs heavily in favor of granting a stay.

The fifth *Europcar* consideration calls for a balancing "of the possible hardships to each of the parties, keeping in mind that if enforcement is postponed under Article VI of the Convention, the party seeking enforcement may receive 'suitable security' and that, under Article V of the Convention, an award should not be enforced if it is set aside or suspended in the originating country ..." *Europcar*, 156 F.3d at 318. Here, Respondents would be materially prejudiced by the premature enforcement of the "Partial Final Award on Jurisdiction" which the Hong Kong court might overturn. This factor weighs in favor of a stay.

Taking into account the *Europcar* considerations above, this Court should stay these proceedings until the issue as to whether the "Partial Final Award on Jurisdiction" should be set aside is resolved by the Hong Kong Courts.

V.   **CONCLUSION**

For the foregoing reasons, the complaint should be dismissed as against Rise Huge for lack of personal jurisdiction. Plaintiff's complaint should be dismissed for failure to state a cause of action upon which relief can be granted. Alternatively, this case should be stayed pending the resolution of the setting aside proceedings currently pending before the Hong Kong courts.

March 13, 2023

Respectfully submitted.

DAN TAN LAW

By:

_____

DANIEL S. TAN
ATTORNEY FOR DEFENDANT RISE HUGE
CORPORATION LTD.